UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Old Republic National Title
Insurance Company,
     Plaintiff

     v.                                    Case No. 12-cv-352-SM
                                            Opinion No. 2013 DNH 051
Donald J. Kelts; Raymond P.
Kloepper II; and Southwest
Federated North Texas, L.P.,
     Defendants


**O R D E R**

Old Republic National Title Insurance Company ("Old Republic") brings this action seeking a declaratory judgment that it is no longer obligated to provide coverage under various title insurance policies it issued to defendants. In the alternative, it seeks to reform the terms of those policies. Defendants moved to dismiss Old Republic's complaint in its entirety. Old Republic objects.

**Background**

According to the complaint, defendants are construction lenders who made loans to the Chichester Condominium Corporation (the "borrower"). Those loans were apparently secured by mortgage deeds to various condominium units at the "White Birches of Chichester Condominium." Complaint (document no. 1) at paras. 28-29. When the loans were extended, however, the borrower had

yet to properly create the condominium under state law - that is, it had failed to record the declaration of condominium and the condominium's bylaws in the registry of deeds.  Nevertheless, Old Republic issued title insurance policies to defendants, insuring that the borrower held good title to the (non-existent) condominium units that ostensibly provided security for the loans.

The borrower did not repay the loans.  Subsequently, a number of Old Republic's insureds (including defendants) made claims against the policies, alleging that because neither the declaration of condominium nor the condominium bylaws had been recorded in the registry of deeds, the borrower did not have good title to any of the "units" in the condominium.  In short, they say that because they hold mortgage deeds to non-existent (or, at best, defective) condominium units, they are entitled to recover their losses under the policies issued by Old Republic.

There is, apparently, ongoing state court litigation in which Old Republic says it is attempting to cure those title defects (the "Curative Action").  In this litigation, Old Republic alleges that because defendants have not fully cooperated with its efforts in the Curative Action, it is entitled to a declaration that it is no longer obligated to honor

the terms of the underlying title insurance policies issued to defendants. Alternatively, it seeks to reform those policies "to delete the condominium endorsements so as to reflect the intent of the parties to the transactions." Complaint at para. 56.

## Discussion

In support of their motion to dismiss, defendants advance three arguments. None has merit. First, they say the court lacks diversity subject matter jurisdiction over Old Republic's claims. According to defendants, the parties are not diverse because 1) Old Republic "does business in New Hampshire"; 2) subject matter jurisdiction is "contrived"; and 3) Old Republic has "cleverly crafted this Federal District Court action to create 'diversity' where there is none." Defendants' Memorandum (document no. 10) at 2. Next, defendants say that under the "prior exclusive jurisdiction" doctrine, this court either lacks jurisdiction or should decline to exercise jurisdiction and, instead, defer to the state superior court, in which the Curative Action is already pending. And, finally, defendants assert that various abstention doctrines (e.g., Colorado River and Younger) counsel in favor of declining to exercise jurisdiction over Old Republic's claims.

Although defendants' arguments about "contrived" diversity jurisdiction lack merit, they touch upon an issue that warrants discussion.  Old Republic's complaint alleges that this court has subject matter jurisdiction over its claims pursuant to 28 U.S.C. § 1332.  Complaint at para. 6.  Section 1332(a)(1) provides that the federal district courts shall have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . . citizens of different States."  In support of Old Republic's claim that the parties are diverse, the complaint alleges that Old Republic is a Minnesota corporation, with a place of business in Minneapolis.  It goes on to allege that defendant Kelts is a resident of Washington, D.C., defendant Kloepper is a resident of Florida, and defendant Southwest Federated North Texas, L.P. ("Southwest Federated") is "a Texas limited partnership with a principal place of business" in Dallas, Texas.  Id. at para. 5.

But, as the court of appeals for this circuit has stated, "[t]he citizenship of an unincorporated entity, such as a partnership, is determined by the citizenship of all of its members."  Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006).  See also  Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990) (holding that, with respect to a limited

4

partnership, the court must consider the citizenship of <u>each limited partner</u> when determining whether it may properly exercise diversity subject matter jurisdiction).  Consequently, the complaint's reference to Southwest Federated as simply a "Texas limited partnership" is insufficient; the residency of each of its partners must be disclosed so the court may determine whether there is, indeed, complete diversity of citizenship between Old Republic and the defendants.  <u>See, e.g.</u>, <u>Preferred Merchant Hood, LLC v. Family Dollar, Inc.</u>, No. 06-cv-067-JD, 2006 WL 1134915 at *1 (D.N.H. April 25, 2006) ("the phrase 'Massachusetts limited liability company' is meaningless to the jurisdictional inquiry, because, again, the citizenship of a limited liability company is determined by the citizenship of all of its members.) (citation and internal punctuation omitted); <u>PFIP, LLC v. You-Fit, Inc.</u>, No. 08-cv-271-JL, 2009 WL 1121359 at *1, n.1 (D.N.H. April 27, 2009) ("Because the plaintiffs have not alleged the citizenship of any of the members of [the limited liability companies], the court cannot determine whether they are diverse from the Florida citizens named as defendants."); <u>Broady v. Hoppen</u>, No. 12-cv-79-SM, 2012 WL 3731339 at *6 ("Because plaintiffs have not pled the citizenship of the member or members of [the plaintiff limited liability company], the court cannot determine whether [the LLC] is diverse from the defendants.") (citation and internal punctuation omitted).

Finally, it probably bears noting that it will not be sufficient for Old Republic to simply allege that none of the partners in Southwest Federated is a resident of Minnesota. Instead, the complaint must affirmatively allege the citizenship of each partner. See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126-27 (1st Cir. 2001). And, if any one of those partners is itself an unincorporated entity, "the citizenship of each of that member's members (or partners, as the case may be) must be [disclosed]." Id. at 126.

## Conclusion

Old Republic's complaint fails to adequately allege that the parties are diverse. Consequently, the court cannot determine whether it may properly exercise subject matter jurisdiction over Old Republic's claims.

Because the grounds advanced by defendants do not warrant dismissal of Old Republic's complaint, their motion to dismiss (document no. 9) is denied, without prejudice. Nevertheless, within thirty (30) days of the date of this order, Old Republic shall either show cause why this case should not be dismissed for lack of subject matter jurisdiction on grounds that diversity has not been adequately pled, or, alternatively, file an amended complaint properly alleging diversity jurisdiction.

While it may intuitively seem unlikely that a member of a Texas limited partnership is a resident of Minnesota, it is nonetheless possible. It is also possible that one or more of those partners is, for diversity jurisdiction purposes, a citizen of no state at all. See D.B. Zwirn, 661 F.3d at 126.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 2, 2013

cc: Michael J. Lambert, Esq.
    Gregory T. Uliasz, Esq.